UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CASEY MICHAEL TSCHIDA,<br><br>Petitioner,<br><br>v.<br><br>DANIEL PARAMO, Warden,<br><br>Respondent. | Case No.: 18-cv-00577-JLS-JLB<br><br>**REPORT AND RECOMMENDATION FOR ORDER GRANTING RESPONDENT'S MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS**<br><br>**[ECF No. 9]** |

This Report and Recommendation is submitted to United States District Judge Janis L. Sammartino pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule HC.2 of the United States District Court for the Southern District of California.

**I.      INTRODUCTION**

Petitioner Casey Michael Tschida ("Petitioner"), a state prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2254 challenging the conviction and sentence imposed by the San Diego Superior Court in case number SCE326600. (ECF No. 1 ("Pet.") at 1.) On June 8, 2018, Respondent Daniel Paramo, Warden ("Respondent"), moved to dismiss the Petition, arguing that the Petition should be dismissed because (1) it is time-barred pursuant to 28 U.S.C. § 2244(d), and,

alternatively, (2) the Petition contains unexhausted claims and there is no good cause for Petitioner's failure to exhaust those claims. (*See* ECF No. 9.) Petitioner filed an opposition, arguing that although his Petition is time-barred on its face, he is entitled to statutory and equitable tolling. (ECF No. 11.) Respondent did not file a reply.

After a thorough review of the pleadings and all supporting documents, the Court finds that Petitioner is not entitled to statutory or equitable tolling or a stay pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005). Accordingly, the Court **RECOMMENDS** that Respondent's Motion to Dismiss be **GRANTED**.

## II. BACKGROUND

On November 17, 2014, a jury in San Diego Superior Court, in case number SCE326600, convicted Petitioner of first degree murder (Cal. Penal Code § 187(a)) with enhancements for lying in wait (Cal. Penal Code § 190.2(a)(15)) and personally discharging a gun, causing death (Cal. Penal Code § 12022.53(d)). (*See* ECF Nos. 10-1, 10-5 at 2.) On December 22, 2014, Petitioner was sentenced to life in prison without the possibility of parole, plus twenty-five years to life. (Pet. at 2; ECF Nos. 10-1, 10-5 at 8.)

On December 29, 2014,[1] Petitioner appealed his sentence to the California Court of Appeal, raising four claims.[2] (*See* ECF No. 10-2.) On June 10, 2016, the California Court

---

[1] The Court *sua sponte* takes judicial notice of the docket in *People v. Tschida*, Case No. D067262, (Cal. Ct. of App.), which reflects an appeal date of December 29, 2014. Courts "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *Trigueros v. Adams*, 658 F.3d 983, 987 (9th Cir. 2011) (citing *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir.1992)); *see also* Fed. R. Evid. 201.

[2] On appeal, Petitioner raised the following four claims: (1) the trial court committed prejudicial error in violation of the Fourteenth Amendment when it failed to address the lying in wait allegations in the voluntary intoxication instruction; (2) the trial court erred in admitting evidence Petitioner possessed numerous guns unrelated to the shooting and other "bad character" evidence in violation of the Fourteenth Amendment; (3) the prosecutor engaged in prejudicial misconduct by conducting improper impeachment

2

18-cv-00577-JLS-JLB

of Appeal affirmed the judgment of the trial court. (*See* ECF No. 10-5.) Petitioner thereafter filed a petition for review in the California Supreme Court, which was denied without comment on September 21, 2016. (*See* Pet. at 2-3; ECF Nos. 10-6, 10-7.) Petitioner did not file a petition for a writ of certiorari in the United States Supreme Court. (Pet. at 3.)

On or about March 5, 2018, Petitioner filed a petition for writ of habeas corpus in the San Diego Superior Court, in which he raised three previously unexhausted claims.[3] (*See* Pet. at 3, 23-39; ECF No. 10-8.) On May 3, 2018, the Superior Court denied the petition. (*See* ECF No. 10-8 at 11-17.) On May 18, 2018, the California Court of Appeal also denied the petition. (ECF No. 10-9.) Thereafter, on May 29, 2018, Petitioner filed a petition for review in the California Supreme Court. (ECF No. 10-12.) On July 11, 2018, the California Supreme Court denied the petition for review on the merits with regard to Petitioner's claim of ineffective assistance of trial counsel, citing *Harrington v. Richter*, 562 U.S. 86 (2011) and *Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991). (*See* ECF No. 12; *see also* Docket, *People v. Tschida*, Case No. S235907 (Cal.).[4])

On March 15, 2018, Petitioner filed the instant Petition, in which he raises seven claims, including the four claims he raised on direct appeal and the three claims which were unexhausted at the state level at the time of filing. (*See* Pet.)

---

of Petitioner, introducing irrelevant, inflammatory evidence, badgering him during cross-examination, and asking questions for which there was no evidentiary foundation in violation of the Fourteenth Amendment; and (4) the trial court erred when it failed to hold a *Marsden* hearing when Petitioner complained his counsel was incompetent in violation of the Sixth and Fourteenth Amendments. (*See* ECF No. 10-2.)

[3] In his state habeas petition, Petitioner raised the following claims: (1) ineffective assistance of trial counsel; (2) ineffective assistance of appellate counsel; and (3) denial of equal protection. (*See* ECF No. 10-8.)

[4] The Court *sua sponte* takes judicial notice of the docket in *People v. Tschida*, Case No. S235907 (Cal.). *See Trigueros*, 658 F.3d at 987; Fed. R. Evid. 201.

3

## III. STANDARD OF REVIEW

Section 2254(a) of Title 28 of the United States Code provides the scope of review for federal habeas corpus claims:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in [sic] behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a).

In addition, federal habeas corpus claims filed after April 24, 1996, such as those here, are subject to the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2254(d). *See Lindh v. Murphy*, 521 U.S. 320, 326-27 (1997) (holding that federal courts reviewing any habeas petition filed in federal court after the April 24, 1996 enactment of AEDPA will apply its provisions). Under AEDPA, a petitioner must overcome a high threshold to obtain relief:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2); *see also Harrington*, 562 U.S. at 100.

## IV. DISCUSSION

Respondent moves to dismiss the Petition on the grounds that it is time-barred pursuant to the one-year statute of limitations set forth in 28 U.S.C. § 2254(d). (ECF No. 9-1 at 2.) Respondent argues in the alternative that the Petition should be dismissed because Petitioner failed to exhaust three out of his seven claims and is not entitled to a

4

18-cv-00577-JLS-JLB

stay. (*Id*. at 6.) Petitioner counters that he is entitled to statutory and equitable tolling of the statute of limitations.

### A. AEDPA's Statute of Limitations Under 28 U.S.C. § 2244(d)(1)

#### 1. Legal Standard

AEDPA imposes a one-year statute of limitations on all habeas petitions filed by persons in custody pursuant to the judgment of a state court. 28 U.S.C. § 2244(d)(1). The limitations period begins to run from the latest of –

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D).

Once a petitioner is notified that his petition is subject to dismissal based on AEDPA's one-year limitation period, he bears the burden of demonstrating that the limitation period is sufficiently tolled under statutory and/or equitable principles. *Smith v. Duncan*, 297 F.3d 809, 814 (9th Cir. 2002), *overruled on other grounds by Pace v. Diglielmo*, 544 U.S. 408, 418 (2005).

#### 2. Discussion

##### a. *Section § 2244(d)(1)(A)*

In order to determine whether a petition is untimely under section 2254(d)(1)(A), the Court must first determine when the state court judgment became final by the conclusion of direct review. *See* 28 U.S.C. § 2244(d)(1)(A). The period of direct review concludes when the time within which a petitioner can file a petition for a writ of certiorari in the United States Supreme Court expires. *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999). Under Supreme Court Rule 13, the time to file a petition for writ of certiorari to

review a judgment entered by a state court of last resort expires 90 days after entry of the judgment. Sup. Ct. R. 13; *see also Bowen*, 188 F.3d at 1159.

The California Supreme Court denied Petitioner's petition for review on September 21, 2016. (*See* Pet. at 2-3; ECF Nos. 10-6, 10-7.) Petitioner did not thereafter file a petition for a writ of certiorari in the United States Supreme Court. (Pet. at 3.) Therefore, the statute of limitations period began to run 90 days later, on December 20, 2016,[5] and the limitations period expired under section 2254(d)(1)(A) on December 20, 2017. *See* 28 U.S.C. § 2244(d)(1)(A). The present Petition was filed on March 15, 2018,[6] over two months after the limitations period expired. As a result, the Petition is untimely under section 2244(d)(1)(A).

          b.      *Section § 2244(d)(1)(B)*

Petitioner argues that section 2254(d)(1)(B) relating to state-created impediments to filing applies because he was prevented from pursuing federal relief due to his former state-appointed counsel failing to timely notify him of "the conclusion of her representation and State Exhaustion." (*See* ECF No. 11 at 4.) However, ineffective assistance of state-appointed counsel does not constitute an "impediment of the state" for purposes of satisfying section 2244(d)(1)(B). *See Stewart v. McComber*, No. CV 14-01747-DSF

---

[5]     *See* Fed. R. Civ. P. 6(a)(1)(A) ("When the period is stated in days . . . exclude the day of the event that triggers the period[.]"); *see also Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001) (noting the day in which the limitations period begins to run should not be counted).

[6]     Under the "mailbox rule," a *pro se* prisoner's filing of a state or federal habeas petition is deemed filed at the moment the prisoner delivers it to prison authorities for forwarding to the clerk of the court. *See Miles v. Prunty*, 187 F.3d 1104, 1106 n.2 (9th Cir. 1999); *see also Stillman v. LaMarque*, 319 F.3d 1199, 1201 (9th Cir. 2003). Here, the Petition was signed by Petitioner on March 15, 2018. (*See* Pet. at 21.) The Clerk of Court filed the Petition on March 19, 2018, thus indicating the Petition was delivered to prison authorities on or shortly after March 15, 2018. (*See id.* at 1.) For purposes of the present motion, the Court therefore deems the Petition filed on March 15, 2018.

(DFM), 2014 WL 2510927, at *2 (C.D. Cal. Apr. 25, 2014) (finding that the acts and/or omissions of a petitioner's appellate counsel do not constitute "state action" within the meaning of section 2244(d)(1)(B) because petitioner's counsel "was not acting on behalf of the state" but represented petitioner personally) (citing cases); *see also Polk Cnty. v. Dodson*, 454 U.S. 312, 321-322 (1981) (holding that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding" in the section 1983 context); *Lawrence v. Florida*, 421 F.3d 1221, 126 (11th Cir. 2005) (holding that incompetence by a state-provided attorney that impedes a petitioner's ability to file on time is not the type of state impediment envisioned in section 2244(d)(1)(B)). Accordingly, the Court finds that section 2254(d)(1)(B) does not apply in this case.

As Petitioner does not contend that sections 2254(d)(1)(C) and (D) apply, and the Court sees no basis for their application, the Petition is barred under AEDPA's one-year statute of limitations unless statutory or equitable tolling applies.

**B.    Statutory Tolling Under 28 U.S.C. § 2244(d)(2)**

Section 2244(d)(2) provides for statutory tolling during the time when a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). Thus, the "time when a qualifying [state habeas] application is pending shall not be counted toward any period of limitation." *Id.* AEDPA's statute of limitations is not tolled, however, "from the time a final decision is issued on direct state appeal and the time the first state collateral challenge is filed because there is no case 'pending' during that interval." *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999), *overruled on other grounds by Carey v. Saffold*, 536 U.S. 214, 225 (2002).

Moreover, statutory tolling is not available if the first state habeas petition is filed after AEDPA's one-year limitations period has expired. *See Jiminez v. Rice*, 276 F. 3d 478, 482 (9th Cir. 2001). In other words, a state petition for post-conviction relief that is

filed after AEDPA's one-year statute of limitations has expired does not reinitiate the limitations period. *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003).

Here, there is no dispute[7] that Petitioner did not file his first state habeas corpus petition until March 5, 2018. (*See* Pet. at 3; ECF No. 9-1 at 7, 9.) But AEDPA's one-year statute of limitations had already expired as of December 20, 2017. Thus, Petitioner cannot rely on his state habeas petition to revive the one-year limitations period. *See Ferguson*, 321 F.3d at 823. Based on the foregoing, Petitioner is not entitled to statutory tolling, and the Petition is barred by AEDPA's one-year statute of limitations unless equitable tolling applies.

## C. Equitable Tolling

AEDPA's one-year statute of limitations is subject to equitable tolling in appropriate cases. *Holland v. Florida*, 560 U.S. 631, 649 (2010). A "petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* at 649 (quoting *Pace*, 544 U.S. at 418) (internal quotation marks omitted). "The petitioner must show that 'the extraordinary circumstances were the cause of his untimeliness and that the extraordinary circumstances made it impossible to file a petition on time.'" *Porter v. Ollison*, 620 F.3d 952, 959 (9th Cir. 2010) (citing *Ramirez v. Yates*, 571 F.3d 993, 997 (9th Cir. 2009)). "[T]he threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir.2003) (quoting *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002)).

---

7   Petitioner does not dispute that his first state habeas petition was filed on March 5, 2018. (*See* Pet. at 3, Exh. A at p. 6; ECF No. 11 at 4.) Rather, Petitioner contends that he is entitled to statutory tolling because his counsel's failure to inform him of her conclusion of representation prevented him from filing on time. This argument is inapplicable to statutory tolling. The Court addresses this argument as part of its equitable tolling analysis.

8

Here, Petitioner contends that an "extraordinary circumstance" stood in the way of him timely filing his federal habeas petition. (ECF No. 11 at 2.) Specifically, Petitioner contends that he was "awaiting [c]ounsel[']s investigation and notice on whether she would pursue a [w]rit of [habeas] on [his ineffective assistance of trial counsel claim]." (*Id.*) Petitioner attaches a letter and declaration from his former state-appointed appellate counsel, Rebecca P. Jones ("Ms. Jones"), to his Petition which clarifies what occurred. (*See* Pet. at 34-37.)

In her declaration, Ms. Jones states that she was appointed through Appellate Defenders, Inc. to represent Petitioner on his appeal from his murder conviction. (Pet. at 35, ¶ 2.) Ms. Jones subsequently filed a petition for review on behalf of Petitioner in the California Supreme Court after he lost his direct appeal. (*Id.* at ¶ 3.) Around the time Petitioner's appeal was ending, "[Petitioner's] wife approached [Ms. Jones] with a request to investigate [an] ineffective assistance of trial counsel" claim and provided her with the "trial files to do so." (*Id.* at ¶ 4.) When the California Supreme Court denied Petitioner's petition for review, Ms. Jones informed Petitioner of the denial and "told [him] in a letter that [she] was investigating the possible habeas claim and would let him know when [she] decided not to pursue it. [She] also told him that [she] would give him information about filing in federal court once [she] determined that [she] would not file a state habeas for him." (*Id.* at 35-36, ¶ 5.) Ms. Jones did some investigation for a state habeas "that did not prove fruitful" in the summer of 2017. (*Id.* at 36, ¶ 6.) Although Ms. Jones knew Petitioner's clock was running on his one-year AEDPA statute of limitations, she "did not write him to let him know that [she] was not going to file a state habeas petition and that he then bore responsibility for getting his federal petition filed on time." (*Id.* at ¶ 7.)

Ms. Jones finally wrote Petitioner a letter on February 20, 2018, after the one-year statute of limitations under AEDPA had expired. (*Id.* at 37, ¶ 13.) The letter states:

> I am writing to let you know that I was not able to develop information that would have showed your trial lawyer was incompetent for failing to find evidence that you were impaired by cocaine at the time of the shooting. So I will not be filing a state habeas petition for you.

9

> Unfortunately, while I was trying to figure that out, your deadline to file a federal habeas petition passed. That error is 100% my fault, and I am very sorry. I am sending you the forms for you to file one if you still want to (unfortunately you do not have a right to a free lawyer to do that for you), and I am sending you a declaration from me saying that I was incompetent for failing to tell you that I wasn't going to file a state habeas petition for you and that your federal deadline was going to come up. You can try to use my declaration to explain why your federal petition is not timely.
>
> If you want to file in federal court, you need to so as quickly as you can. Your original due date was 12/21/2017.
>
> The issues you can raise in federal court are limited to issues involving the U.S. constitution. The petition for review that I filed for you explains why I thought each of the arguments I made for you involved a violation of the U.S. Constitution. You can copy those arguments into your petition.
>
> I am very sorry that I placed you in this position. Please feel free to call or write if you want to talk about it more.

(Pet. at 34.) The declaration provided by Ms. Jones provides substantially the same information as the letter, and also states:

> Furthermore, my failure to keep [Petitioner] informed was not a matter of mere negligence. I thought about his case from time to time, felt badly about not being able to develop a habeas claim for him, then pushed the case away because I didn't want to deal with it. In my professional view, this behavior constituted gross incompetence.

(Pet. at 36-37.)

Based on this series of events, Petitioner contends that he "had no idea that he was not expected to wait on counsel." (ECF No. 11 at 3.) Petitioner concedes that Ms. Jones advised him that the California Supreme Court denied his petition for review, but he "took [c]ounsel's notice of her investigation for [an ineffective assistance of counsel] writ as that his state remedies were still pending." (*Id.*) Once Petitioner received the February 20, 2018 letter, he states that he "diligently" began to pursue a federal writ of habeas corpus with the assistance of other inmates, and filed one less than 30 days later. (*Id.*)

Respondent contends that Ms. Jones had no further duty to Petitioner after her appointment to represent Petitioner on direct appeal in state appellate court concluded, and that Petitioner presents no concrete evidence to suggest he specifically retained Ms. Jones' services for state collateral or federal proceedings. (*See* ECF No. 9-1 at 10.) Respondent further contends that, even if Petitioner is able to establish that he retained Ms. Jones for purposes of filing a federal habeas petition, he must still establish that her conduct made it impossible for him to file a timely petition. (*Id.* at 11.) Lastly, Respondent contends that Petitioner has presented no evidence that demonstrates he pursued his rights diligently, asserting that Petitioner "remained idle until Ms. Jones contacted him on February 20, 2018." (*Id.* at 11.)

### 1. <u>Extraordinary Circumstance as the Cause of Untimeliness</u>

"Attorney negligence, including a miscalculation of a filing deadline, is not a sufficient basis for applying equitable tolling to the § 2244(d)(1) limitation period." *Porter*, 620 F.3d at 959 (citations omitted); *see also Luna v. Kernan*, 784 F.3d 640, 646 (9th Cir. 2015) ("Courts have held that run-of-the-mill mistakes by one's lawyer that cause a filing deadline to be missed do not rise to the level of extraordinary circumstances."). "However, acts or omissions that transcend garden variety negligence and enter the realm of 'professional misconduct' may give rise to extraordinary circumstances if the misconduct is sufficiently egregious." *Luna*, 784 F.3d at 646 (citing *Holland*, 560 U.S. at 561; *Spitsyn*, 345 F.3d at 800); *see also Porter*, 620 F.3d at 959 ("[A]ttorney misconduct that is sufficiently egregious to meet the extraordinary misconduct standard can be a basis for applying equitable tolling."). The petitioner bears the burden of showing both that this "extraordinary exclusion" should apply to him, and that the "extraordinary circumstances" were the "cause of his untimeliness." *Spitsyn*, 345 F.3d at 799. Determining whether equitable tolling is warranted is a "fact-specific inquiry." *Id.* (citing *Frye v. Hickman*, 273 F.3d 1144, 1146 (9th Cir. 2001)); *see also Holland*, 560 U.S. at 650 (emphasizing the need for "flexibility" in exercising the court's equity powers and recognizing that courts of equity "can and do draw upon decisions made in other similar cases for guidance").

In *Miranda v. Castro*, 292 F.3d 1063 (9th Cir. 2002), the Ninth Circuit addressed a similar situation in which the petitioner received a letter from his appointed appellate counsel which stated that "[a]t this point my appointment to represent you is concluded," and also included information and forms for the prisoner to file a federal habeas corpus petition. *Id.* at 1066. Unfortunately, rather than informing the petitioner in the letter that his one-year statute of limitations under AEDPA expired on April 23, 2000, counsel informed the petitioner in a likely "typo" that it expired on April 23, 2001. *See id.* Thereafter, the petitioner did not file his federal habeas petition until December 5, 2000, which at that point was fifty-three days late. *See id.* at 1064-65. In arguing for equitable tolling, the petitioner contended that "he relied upon the appointed attorney's advice—which turned out to be erroneous—and that 'but for that reliance [his] petition would have been filed' in a timely manner." *Id.* at 1066.

The Ninth Circuit denied petitioner's request for equitable tolling, noting that the petitioner "had a right to appointed appellate counsel during the course of his direct review—and thus, as he contends, to the 'effective assistance' of that counsel," but the attorney's representation of the petitioner in connection with his direct review had already ended when she wrote the letter. *Id.* at 1067. Thus, although "the attorney generously offered some final thoughts—which apparently included a miscalculated due date, or at least a typo—in a letter after the close of her representation," those thoughts "pertained not to the direct review for which she was appointed, but to habeas relief, for which she was not;" and the petitioner "had no right to that advice." *Id.* at 1067-68. In response to petitioner's argument that "'it may be true that appointed counsel has no duty to advise a client regarding the availability of state or federal habeas relief,' but if a counsel undertakes to offer such advice, 'it must be accurate,' the Ninth Circuit stated that its "precedents foreclose this contention." *Id.* at 1068. The Ninth Circuit concluded that "because [the petitioner] had no right to the assistance of his appointed appellate counsel regarding post-conviction relief, it follows that he did not have the right to that attorney's 'effective' assistance, either." *Id.* (citing *Miller v. Keeney*, 882 F.2d 1428, 1431-32 (9th Cir. 1989)).

Based on the record before the Court, there is no evidence to suggest that Petitioner retained Ms. Jones as counsel past her appointment as appellate counsel through Appellate Defenders, Inc. Although Ms. Jones told Petitioner that she would do some investigation into a possible habeas claim and would give Petitioner information about filing in federal court once she determined that she would not file a state habeas petition, *see* Pet. at 34-36, nothing suggests that Ms. Jones was retained to file, or even agreed to file, a habeas petition for Petitioner. Because Petitioner did not have the right to the assistance of Ms. Jones regarding post-conviction relief, he was not entitled to her "effective assistance." *See Miranda*, 292 F.3d at 1068.[8]

However, even if the Court were to somehow construe Ms. Jones' offer of assistance as some kind of retainer and if her actions transcended "garden variety negligence," the Court would still have to conclude that equitable tolling is not applicable here because Petitioner has not demonstrated that Ms. Jones' failure to communicate with Petitioner was the cause of the untimely petition, or, as discussed further below, that Petitioner diligently pursued his rights. Petitioner does not identify any impediment to filing his federal habeas petition caused by Ms. Jones' conduct. Petitioner does not claim that he needed something from his case file which Ms. Jones improperly withheld, or that Ms. Jones affirmatively misled petitioner to believe that a timely federal habeas petition had been filed or would soon be filed on his behalf. *See Luna*, 784 F.3d at 647; *Spitsyn*, 345 F.3d at 801. Rather,

---

[8] Petitioner cites *In re Robbins*, 18 Cal. 4th 770 (1998) for the proposition that "an attorney appointed on direct appeal includes responsibility for habeas representation and has a duty to investigate factual and legal grounds for filing of a petition for a Writ of Habeas Corpus." (*See* ECF No. 11 at 3.) However, the case is inapplicable. *In re Robbins* involved a petitioner who had been convicted and sentenced to death. *See In re Robbins*, 18 Cal. 4th at 779. At the time *Robbins* was decided, an indigent defendant who was sentenced to death was entitled to counsel to prosecute the appeal and appointed counsel's obligations included a duty to investigate the factual and legal grounds for the filing of a petition for writ of habeas corpus. *See Marks v. Super. Ct.*, 27 Cal. 4th 176, 179 (2002). Petitioner is not facing the death penalty, and therefore is not entitled to appointed counsel in collateral proceedings. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987).

13

Ms. Jones' declaration and letter indicate that Petitioner had the information he needed to file a federal habeas petition and, in fact, he was able to do so shortly after receiving her letter. (*See* Pet. at 34-37.) In addition, Ms. Jones never stated (or indicated) that she would file or had filed a federal habeas petition on behalf of Petitioner. (*See id.*) Thus, Petitioner has not established, as he must, that the "extraordinary circumstances" he puts forth were the cause of his untimeliness.

### 2. Diligence Requirement

The diligence required for equitable tolling is "reasonable diligence." *Holland*, 560 U.S. at 653 (quoting *Lonchar v. Thomas,* 517 U.S. 314, 326 (1996)). "Reasonable diligence requires only 'the effort that a reasonable person might be expected to deliver under his or her particular circumstances.'" *Fue v. Biter*, 842 F.3d 650, 654 (9th Cir. 2016) (quoting *Doe v. Busby*, 661 F.3d 1001, 1015 (9th Cir. 2011)). "To determine if a petitioner has been diligent in pursuing his petition, courts consider the petitioner's overall level of care and caution in light of his or her particular circumstances." *Busby*, 661 F.3d at 1013. "Under some circumstances, communicating with one's lawyer and relying on the lawyer's assurances that everything is proceeding apace can suffice to demonstrate diligence." *Luna*, 784, F.3d at 649-50 (stating that the petitioner "must show not only that he kept in touch with [his counsel], but also that it was reasonable for him to continue relying on [counsel's] assurances about the progress of his case.").

Even if the Court were to find that Ms. Jones' conduct was sufficiently egregious and was the cause of Petitioner's untimeliness, it "was still necessary that the petitioner act with reasonable diligence." *Porter*, 620 F.3d at 959 (citing *Spitsyn*, 345 F.3d at 802). Here, based on its review of the record, the Court finds that Petitioner has not established that he was reasonably diligent in pursuing his rights. Ms. Jones sent Petitioner a letter after the California Supreme Court denied review on September 21, 2016. (*See* Pet. at 35-36.) There is no indication that Petitioner reached out to Ms. Jones for approximately seventeen months after receiving this letter. Nothing in the record suggests that Petitioner contacted Ms. Jones between the time of her initial letter and February 20, 2018, when Ms. Jones

sent the second letter to Petitioner stating that she was not able to develop information that would have shown Petitioner's trial lawyer was incompetent and that she was not filing a state habeas petition on his behalf. (*See* Pet.; ECF No. 11.)

"Complete inactivity in the face of no communication from counsel does not constitute diligence." *Manning v. Epps*, 688 F.3d 177, 186 (5th Cir. 2012); *cf. Holland*, 560 U.S. at 653 (finding the district court was incorrect in finding lack of diligence where the petitioner "not only wrote his attorney numerous letters seeking crucial information and providing direction; he also repeatedly contacted the state courts, their clerks, and the Florida State Bar Association in an effort to have [his attorney]—the central impediment to the pursuit of his legal remedy—removed from his case"); *Porter*, 620 F.3d 962 (noting "it would be possible to find . . . that [the petitioner] acted diligently because he, his mother, and others continually contacted [retained counsel] until it became apparent . . . that neither would be providing further representation"); *Busby*, 661 F.3d at 1013-15 (finding that the petitioner met the diligence requirement where he retained counsel, "wrote numerous letters and made scores of phone calls from prison to remind his attorney of the deadline, and received assurances from the attorney that the petition would be filed," and pursued grievances with the state authorities). As Petitioner completely failed to follow up with Ms. Jones, and there is no suggestion that external forces prevented him from doing so,[9] the Court finds that Petitioner has failed to demonstrate diligence.

Based on the foregoing, the Court finds that Petitioner is not entitled to equitable tolling.

### D. STAY AND ABEYANCE

Petitioner also requests a "stay and abeyance" pursuant to *Rhines v. Weber* to allow him to exhaust the three claims he did not exhaust before filing the Petition. (*See* Pet. at

---

[9] *See Miles*, 187 F.3d at 1107 ("When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate.").

19.) As an initial matter, the Court notes that these three claims have now been exhausted. (*See* ECF No. 12; Docket, *People v. Tschida*, Case No. S235907 (Cal.).) Regardless, because this Court finds that the Petition was untimely under AEDPA, Petitioner is not entitled to a stay under *Rhines*. *See Rhines*, 544 U.S. at 275 (addressing a "timely" but mixed petition); *Mena v. Long*, 813 F.3d 907, 908 (9th Cir. 2016) (noting that the Supreme Court in *Rhines* held that "a district court has discretion to stay, rather than dismiss, a *timely-filed* 'mixed' petition for habeas corpus relief" (emphasis added)).

Because Petitioner filed his Petition beyond AEDPA's one-year statute of limitations, and because he was not entitled to statutory or equitable tolling for any of that period, the Court finds that his Petition is barred by the statute of limitations.

## V. CONCLUSION

For all of the foregoing reasons, **IT IS HEREBY RECOMMENDED** that the district court issue an Order: (1) approving and adopting this Report and Recommendation, and (2) granting Respondent's Motion to Dismiss the Petition (ECF No. 9) with prejudice.

**IT IS ORDERED** that no later than **December 31, 2018** any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to any objections shall be filed with the district court and served on all parties no later than **January 14, 2019** The parties are advised that failure to file objections with the specified time may waive the right to raise those objections on appeal of the Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991).

**IT IS SO ORDERED.**

Dated: December 10, 2018

*Jill Burkhardt*

Hon. Jill L. Burkhardt
United States Magistrate Judge