# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

CASEY MICHAEL TSCHIDA,

    Petitioner,

v.

DANIEL PARAMO, Warden,

    Respondent.

Case No.: 18-CV-0577 JLS (JLB)

**ORDER: (1) OVERRULING PETITIONER'S OBJECTIONS, (2) ADOPTING REPORT AND RECOMMENDATION, (3) DENYING PETITION, AND (4) DENYING CERTIFICATE OF APPEALABILITY**

(ECF Nos. 1, 9, 13)

Presently before the Court is Petitioner Casey Michael Tschida's Petition for Writ of Habeas Corpus ("Pet.," ECF No. 1), as well as Respondent Daniel Paramo's Motion to Dismiss ("Mot.," ECF No. 9). Also before the Court are Magistrate Judge Jill L. Burkhardt's Report and Recommendation advising the Court to deny the petition ("R&R," ECF No. 13) and Petitioner's Objections to the R&R ("Objs.," ECF No. 14). Having considered the parties' arguments and the law, the Court (1) **OVERRULES** Petitioner's Objections, (2) **ADOPTS** the R&R in its entirety, (3) **DENIES** the Petition, and (4) **DENIES** a Certificate of Appealability.

## BACKGROUND

Magistrate Judge Burkhardt's R&R contains a thorough and accurate recitation of the procedural history underlying the instant motion. ECF No. 13 at 2–3, 9–10. This Order incorporates by reference the procedural background as set forth therein.

Petitioner filed a new Declaration in support of his Objections. *See* Declaration of Casey Michael Tschida ("Tschida Decl."), ECF No. 14 at 11–12. In his Declaration, Petitioner attests that he is "completely devoid of any knowledge of the law, and at all times . . . relied on assurance from counsel that the case was being investigated and would be filed in the federal court." *Id.* ¶ 2. Further, "[a]t all times . . . [Petitioner] was/[is] a patient in the Enhanced Outpatient Program (EOP) mental health treatment program located in Richard J. Donovan prison" and, "at all times relevant hereto, [he has] been treated by psychotropic medications which aim at treating [his] mental illness," including "chronic major depression which renders [him] unable to function at times." *Id.* ¶¶ 3–4. "At all times . . . , [Petitioner] would periodically have contact with counsel who represented [his] direct appeal, and was assured the case was being handled." *Id.* ¶ 5. "Had [Petitioner] known counsel wasn't going to file the Writ of Habeas Corpu[s] in this Court, [he] would have sooner sought the assistance from inmates to prepare the Petition." *Id.* ¶ 6. "When [he] learned counsel wasn't going to file the Petition, [he] immediately sought help to file the Writ." *Id.* ¶ 7.

## LEGAL STANDARD

### I. Review of the Report and Recommendation

Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1) set forth a district court's duties regarding a magistrate judge's report and recommendation. The district court "shall make a de novo determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667, 673–76 (1980). However, in the absence of a timely objection, "the Court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note (citing *Campbell v. U.S. Dist. Ct.*, 501 F.2d 196, 206 (9th Cir. 1974)).

/ / /

/ / /

## II. Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year statute of limitations on all habeas petitions filed by persons in custody pursuant to the judgment of a state court. 28 U.S.C. § 2244(d)(1). The limitations period begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)–(d). "Once [the petitioner i]s notified that his petition [i]s subject to dismissal based on AEDPA's statute of limitations and the record indicate[s] that [the peritioner]'s petition f[alls] outside the one-year time period, [the petitioner] ha[s] the burden of demonstrating that the limitation period was sufficiently tolled." *Smith v. Duncan*, 297 F.3d 809, 814 (9th Cir. 2002) (citing *Herbst v. Cook*, 260 F.3d 1039, 1042–44 (9th Cir. 2001); *Hinton v. Pac. Enters.*, 5 F.3d 391, 395 (9th Cir. 1993)), *overruled on other grounds by Pace v. Diglielmo*, 544 U.S. 408, 418 (2005).

## ANALYSIS

Petitioner's Objections essentially repeat arguments already asserted before Magistrate Judge Burkhardt and considered in the R&R, *compare* ECF No. 11, *with* ECF No. 14, although Petitioner does file a new Declaration in support of his Objections. *See*

Tschida Decl. The Court liberally construes and considers the pro se Petitioner's discernable objections as now presented, following a brief summary of the R&R and Petitioner's Objections.

## I. Summary of the R&R

Magistrate Judge Burkhardt recommends that the Petition be denied as time-barred pursuant to 28 U.S.C. § 2244(d). R&R at 2, 16. Magistrate Judge Burkhardt begins by determining that the Petition is untimely under Section 2244(d)(1)(A). *See* R&R at 5–6. Based on the procedural history, Magistrate Judge Burkhardt determines that the statute of limitations began to run on December 20, 2016, and expired on December 20, 2017. *Id.* at 6. Because the Petition was not filed until March 15, 2018, it is untimely under section 2244(d)(1)(A) unless statutory or equitable tolling applies.[1] *See* R&R at 6–7.

Magistrate Judge Burkhardt then concludes that Petitioner is not entitled to statutory tolling under 28 U.S.C. § 2244(d)(2). *See* R&R at 7–8. This is because "statutory tolling is not available if the first state habeas petition is filed after AEDPA's one-year limitations period has expired," *id.* at 7 (citing *Jiminez v. Rice*, 276 F.3d 478, 484 (9th Cir. 2001)), and "Petitioner did not file his first state habeas corpus petition until March 5, 2018," after the expiration of AEDPA's one-year statute of limitations on December 20, 2017. *Id.* at 8. Accordingly, Magistrate Judge Burkhardt concludes that the Petition is time-barred unless equitable tolling applies. *Id.*

Magistrate Judge Burkhardt also concludes that Petitioner is not entitled to equitable tolling. *See id.* at 8–15. Magistrate Judge Burkhardt first determines that extraordinary circumstances were not the cause of Petitioner's untimeliness because "there is no evidence

---

[1] Petitioner did not contend that section 2254(d)(1)(C) or (D) applied, and Magistrate Judge Burkhardt sees no basis for their application. *See* R&R at 7. Magistrate Judge Burkhardt also determines that section 2244(d)(1)(B) is inapplicable because "ineffective assistance of state-appointed counsel does not constitute an 'impediment of the state' for purposes of satisfying section 2244(d)(1)(B).'" R&R at 6–7 (citing *Polk Cnty. v. Dodson*, 454 U.S. 312, 321–22 (1981); *Lawrence v. Florida*, 421 F.3d 1221, 1226 (11th Cir. 2005); *Stewart v. McComber*, No. CV 14-01747-DSF (DFM), 2014 WL 2510927, at *2 (C.D. Cal. Apr. 25, 2014)).

to suggest that Petitioner retained Ms. Jones as counsel past her appointment as appellate counsel through Appellate Defenders, Inc." and, therefore, Petitioner "was not entitled to [Ms. Jones'] 'effective assistance.'" *Id.* at 13 (citing *Miranda v. Castro*, 292 F.3d 1063, 1068 (9th Cir. 2002)). "However, even if the Court were to somehow construe Ms. Jones' offer of assistance as some kind of retainer and if her actions transcended 'garden variety negligence,' the Court would still have to conclude that equitable tolling is not applicable here because Petitioner has not demonstrate that Ms. Jones' failure to communicate with Petitioner was the cause of the untimely petition" because "Petitioner does not identify any impediment to filing his federal habeas petition caused by Ms. Jones' conduct." *Id.* Magistrate Judge Burkhardt next concludes that Petitioner also failed to establish "that he was reasonably diligent in pursuing his rights" because "[t]here is no indication that Petitioner reached out to Ms. Jones for approximately seventeen months after receiving th[e] letter" Ms. Jones sent to Petitioner after the California Supreme Court denied review of his habeas petition on September 21, 2016. *Id.* at 14. Consequently, Petitioner is not entitled to equitable tolling, *id.* at 15, and his Petition is time-barred. *Id.* at 2, 16.

Finally, Magistrate Judge Burkhardt concludes that Petitioner is not entitled to a stay and abeyance pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005), because the Petition is untimely. *See* R&R at 16. Accordingly, Magistrate Judge Burkhardt recommends that this Court grant Respondent's Motion and dismiss the Petition with prejudice. *Id.*

## II. Summary of Petitioner's Objections

Petitioner concedes that the limitations period set out in 28 U.S.C. § 2254(d) governs his Petition, but "asserts . . . that the impediments to filing his petition warrant excusable neglect relief." Objs. at 3. Relying on *Nino v. Galaza*, 183 F.3d 1003 (9th Cir. 1999), *implicitly overruled on other grounds by Carey v. Saffold*, 536 U.S. 214, 225 (2002), and *Calderon v. United States District Court for the Central District of California (Beeler)*, 128 F.3d 1283, 1286 (9th Cir. 1997), *overruled by Calderon v. United States District Court for the Central District of California (Kelly)*, 163 F.3d 530 (9th Cir. 1998), Petitioner first appears to assert that he is entitled to statutory tolling pursuant to 28 U.S.C. § 2244(d)(2).

*See* Objs. 5–6. Petitioner argues that he "believed that he was adhering to exhaustion requirements through his reliance [o]n counsel to prepare his petition in the 90 days that respondent and the Magistrate contends Petitioner slept on his rights." *Id.* at 7.

Petitioner next argues that he is entitled to equitable tolling. *See id.* at 7–8. Relying on *Calderon (Kelly)* and *Miller v. New Jersey State Department of Corrections*, 145 F.3d 616 (3d Cir. 1998), Petitioner contends that "[t]here isn't much disparity between the facts in [those cases] and the factual circumstances in the case at bar." Objs. at 7. Petitioner claims that "counsel misle[]d Petitioner into believing she was investigating his case and would pursue filing the Petition but never notified Petitioner that she wasn't going to file until it was too late," *id.* at 7–8, and, "once Petitioner was notified[] that counsel wasn't going to file the Petition, Petitioner wasted no time seeking inmate assistance to prepare and file the Petition." *Id.* at 8. Further, Petitioner "was undergoing serious ps[y]chological evaluations and treatments in the periods at issue herein" and "[w]hat the record overwhelmingly demonstrates is that petitioner has been as diligent in pursuing the collateral attacks on his convictions within the understanding he had regarding getting notice that counsel wasn't going to file the petition." *Id.* Consequently, the doctrine of equitable tolling should apply. *Id.*

Finally, Petition contends that "it would constitute a[] suspension of the Great Writ to refuse to review the merits of Petitioner's first petition." *Id.* (citing *Lonchar v. Thomas*, 517 U.S. 314, 323 (1996)). Petitioner therefore requests that the Court deny the Motion and review his Petition on the merits. *Id.* at 8–9.

## III. Discussion

Petitioner contends that he is entitled to statutory or equitable tolling of AEDPA's one-year limitations period. *See* Objs. 4–8. The Court reviews de novo each part of the R&R to which Petitioner has objected.

### A. *Statutory Tolling*

Although under a heading arguing for equitable tolling, Petitioner also claims that he is entitled to "*Nino* Tolling." Objs. at 6. As Petitioner appears to acknowledge, *see id.*,

*Nino* addresses statutory tolling under Section 2244(d)(2). *See* 183 F.3d at 1006 ("[W]e hold that the statute of limitations is tolled from the time the first state habeas petition is filed until the California Supreme Court rejects the petitioner's final collateral challenge.") (footnote omitted). Consequently, Petitioner appears to be challenging Magistrate Judge Burkhardt's determination that he is not entitled to statutory tolling.

The Court must agree with Magistrate Judge Burkhardt. Petitioner does not dispute that his statute of limitations under AEDPA began to run on December 20, 2016, and expired on December 20, 2017, and that he filed his first state habeas corpus petition on March 5, 2018. *See* Pet. at 3; *see also* Objs. at 2. By its plain language, Section 2244(d)(2) operates only during "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). No such post-conviction or other collateral review applications were pending between December 20, 2016, and December 20, 2017, when Petitioner's one-year statute of limitations under AEDPA expired. As Magistrate Judge Burkhardt explained, "statutory tolling is not available if the first state habeas petition is filed after AEDPA's one-year limitations period has expired," R&R at 7 (citing *Jiminez*, 276 F.3d at 482), as occurred here. Accordingly, the Court **OVERRULES** Petitioner's Objections and **ADOPTS** Magistrate Judge Burkhardt's R&R that Petitioner is not entitled to statutory tolling pursuant to Section 2244(d)(2).

### B. *Equitable Tolling*

Petitioner also objects to Magistrate Judge Burkhardt's recommendation that he is not entitled to equitable tolling. *See* Objs. at 7–8. As Magistrate Judge Burkhardt acknowledges, *see* R&R at 8, a "petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevent timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace*, 544 U.S. at 418) (internal quotation marks omitted). In challenging Magistrate Judge Burkhardt's recommendations, Petitioner contends that his case is analogous to those of *Calderon (Kelly)* and *Miller*, in that "counsel misle[]d

7

18-CV-0577 JLS (JLB)

Petitioner into believing she was investigating his case and would pursue filing the Petition but never notified Petitioner that she wasn't going to file until it was too late." *Id.* at 7–8. Further, "once Petitioner was notified[] that counsel wasn't going to file the Petition, Petitioner wasted no time seeking inmate assistance to prepare and file the Petition." *Id.* at 8.

Again, the Court must agree with Magistrate Judge Burkhardt. Like Magistrate Judge Burkhardt, *see* R&R at 8, the Court emphasizes that "the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003) (quoting *Miranda*, 292 F.3d at 1066). Although Petitioner's belated Declaration adds additional context, it still fails to remedy the deficiencies identified by Magistrate Judge Burkhardt.

First, Magistrate Judge Burkhardt determined that Petitioner has failed to establish that extraordinary circumstances are the cause of the untimeliness of his Petition because "there is no evidence to suggest that Petitioner retained Ms. Jones as counsel past her appointment as appellate counsel" and, consequently, Petitioner "was not entitled to her 'effective assistance'" in filing the Petition. *See* R&R at 13 (citing *Miranda*, 292 F.3d at 1068). Although Petitioner avers that he "relied on assurance from counsel that the case was being investigated and would be filed in the federal court," *see* Tschida Decl. ¶ 2, the Court must agree with Magistrate Judge Burkhardt that "nothing suggests that Ms. Jones was retained to file, or even agreed to file, a habeas petition for Petitioner." *See* R&R at 13. At most, it appears that Petitioner's "wife approached [Ms. Jones] with a request to investigate ineffective assistance of trial counsel." Declaration of Rebecca P. Jones, ECF No. 1 at 35–37, ¶ 4. The Court is therefore bound by the Ninth Circuit's decision in *Miranda*, harsh as it is, which—as Magistrate Judge Burkhardt thoroughly explains, *see* R&R at 12–13—precludes the Court from concluding that Ms. Jones' ineffective assistance constitutes extraordinary circumstances for purposes of equitable tolling of AEDPA's

/ / /

/ / /

statute of limitations.[2] *See also Frye v. Hickman*, 273 F.3d 1144, 1146 (9th Cir. 2001) ("[T]he miscalculation of the limitations period by [the petitioner]'s counsel and his negligence in general do not constitute extraordinary circumstances sufficient to warrant equitable tolling.").

Second, Judge Burkhardt finds that Petitioner has not established that he was reasonably diligent in pursuing his rights. *See id.* at 14. Petitioner's Declaration contends that he "would periodically have contact with counsel who represented [his] direct appeal, and was assured the case was being handled." Tschida Decl. ¶ 5. This falls short of the standards for diligence set by Ninth Circuit precedent.

"[A] petitioner . . . need[s] to set forth 'detailed facts' to establish diligence." *Gonzalez v. Trimble*, No. CV 11-8690-PA PLA, 2013 WL 571760, at *1 (C.D. Cal. Feb. 12, 2013) (quoting *Lott v. Mueller*, 304 F.3d 918, 923 (9th Cir. 2002)). Petitioner's Declaration falls short of this requirement, establishing only that Petitioner "periodically" contacted Ms. Jones. *See* Tschida Decl. ¶ 5. "[P]etitioner has not presented *any* facts about, or evidence of, the number of times he communicated with [Ms. Jones], or the dates of those communications." *See Gonzalez v. Trimble*, No. CV 11-8690-PA PLA, 2013 WL 571760, at *1 (C.D. Cal. Feb. 12, 2013). Accordingly, Petitioner fails to establish reasonable diligence. *See id.*

Further, "[i]n a case such as this, where attorney misconduct is the claimed circumstance causing the untimeliness, courts consider, *inter alia,* whether the petitioner expeditiously secured counsel to file the habeas petition . . . [;] the frequency and nature of

---

[2] To the extent Petitioner claims—for the first time—that his health, specifically "chronic major depression," *see* Tschida Decl. ¶ 4, constitutes "exceptional circumstances," the Court must disagree. That Petitioner's condition may "render [him] unable to function at times," *see id.*, does not mean that Petitioner "was mentally incapable of filing papers on a timely basis, or that his failure to timely file papers was proximately caused by his mental condition during that time period." *Shields v. Virga*, 482 F. App'x 275, 276 (9th Cir. 2012); *see also Jones v. McEwen*, No. 12CV1777-LAB BGS, 2013 WL 4458811, at *7 (S.D. Cal. Aug. 16, 2013) ("Petitioner fails to demonstrate that his me[n]tal defects were so severe as to make it impossible for him to meet the filing deadlines despite his due diligence.") (citing *Bills v. Clark*, 628 F.3d 1092, 1099–1101 (9th Cir. 2010)).

the attorney-client communications . . . [;] when, in light of the petitioner's education and background, he reasonably should have sought new counsel . . . [;] and whether the petitioner had the means to consult alternate counsel." *Doe v. Busby*, 661 F.3d 1001, 1013 (9th Cir. 2011) (citations omitted). Here, as noted above, *see supra* page 8, there is no indication that Petitioner retained Ms. Jones to assist with post-conviction collateral relief. Petitioner therefore failed "expeditiously [to] secure[] counsel." *See Busby*, 661 F.3d at 1013.

And, despite Petitioner's claims to the contrary, *see* Tschida Decl. ¶ 5 ("Counsel . . . assured the case was being handled."), it appears from Ms. Jones' declaration that she had no communication with Petitioner between informing him that the California Supreme Court had denied his petition for review, *see* Jones Decl. ¶ 5, and her letter dated February 20, 2018. Ms. Jones indicates that, although she did "some investigation for a state habeas" for Petitioner as requested by his wife, *see id.* ¶¶ 4, 6, she "did not write him to let him know that [she] was not going to file a state habeas petition." *Id.* ¶ 7. She notes that she "fail[ed] to keep [Petitioner] informed" and "pushed the case away because [she] didn't want to deal with it." *Id.* ¶ 11. She "finally wrote to [Petitioner on] February 20, 2018, more than 3 months after his federal statute of limitations period expired." *Id.* ¶ 13. Ms. Jones' declaration therefore appears to contradict Petitioner's conclusory, self-interested Declaration to the extent Petitioner claims he "periodically . . . was assured the case was being handled." Such self-serving statements are entitled to minimal, if any, weight. *See, e.g.*, *Perez v. Rosario*, 294 F. Supp. 2d 1125, 1137 (N.D. Cal. 2003), *aff'd*, 449 F.3d 954 (9th Cir.), *modified*, 459 F.3d 943 (2006). Where, as here, a petitioner receives no assurance from his counsel that his habeas petition would be timely filed, the petitioner fails to establish reasonable diligence. *See, e.g.*, *Sanford v. McDonald*, No. CV 10-10054-DMG PLA, 2012 WL 1535171, at *7 (C.D. Cal. Mar. 6) (petitioner who sent four letters to counsel in one year and received no response was not reasonably diligent), *report and recommendation adopted*, 2012 WL 1534612 (Apr. 30, 2012).

///

Finally, even if Petitioner did engage in "periodic[] . . . contact" with Ms. Jones and even if his "periodic[] . . . contact" were to suffice to establish diligence, Petitioner must establish "that it was reasonable for him to continue relying on [Ms. Jones'] assurances about the progress of his case." *Luna v. Kernan*, 784 F.3d 640, 650 (9th Cir. 2015). Even if Petitioner had received assurances from Ms. Jones, which, as discussed above, is doubtful, it was not reasonable for Petitioner to rely on them, as Petitioner never retained Ms. Jones as post-conviction counsel to file his habeas petition. *See, e.g.*, *Miranda*, 292 F.3d at 1068 (finding that petitioner "ha[s] no right to . . . advice" of appointed appellate counsel in habeas proceedings).

Petitioner therefore fails to establish "reasonable" diligence under these circumstances. Accordingly, the Court **OVERRULES** Petitioner's Objections and **ADOPTS** Magistrate Judge Burkhardt's R&R that Petitioner is not entitled to equitable tolling.

## CERTIFICATE OF APPEALABILITY

The Court is also obliged to determine whether to issue a certificate of appealability ("COA") in this proceeding. A COA is authorized "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When, as here, "the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that

/ / /
/ / /
/ / /
/ / /

the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further. In such a circumstance, no appeal would be warranted."[3] *Id.*

Because the Court finds that no reasonable jurist would find it debatable whether the Court was correct in its procedural ruling, the questions presented by this case do not warrant further proceedings. Accordingly, the Court **DENIES** a COA.

## CONCLUSION

For the reasons stated above, the Court (1) **OVERRULES** Petitioner's Objections (ECF No. 14), (2) **ADOPTS** the R&R (ECF No. 13) in its entirety, (3) **DENIES** the Petition (ECF No. 1), and (4) **DENIES** a Certificate of Appealability. Because this Order concludes the litigation in this matter, the Clerk of the Court **SHALL CLOSE** the file.

**IT IS SO ORDERED.**

Dated: March 1, 2019

Hon. Janis L. Sammartino
United States District Judge

---

[3] The Court therefore **OVERRULES** Petitioner's objection that "it would constitute a[] suspension of the Great Writ to refuse to review the merits of Petitioner's first petition." *See* Objs. at 8. Where, as here, there exists procedural grounds sufficient to dispose of the case, the Court need not review the Petition on the merits.